J-A07004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KERIM AMADOU, AN INDIVIDUAL, SHAMAEL RAHAMANI, A MINOR INDIVIDUAL AND SHAKIB RAHAMANI, A MINOR INDIVIDUAL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| RONALD SARVER, | |
| Appellee | No. 703 WDA 2014 |

Appeal from the Order April 2, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-12-11773

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:         **FILED JUNE 02, 2015**

Kerim Amadou and his children, Shamael Rahamani, and Shakib Rahamani, (collectively, Appellants) appeal from an order entered April 2, 2014, denying Appellants' post-trial motions. We quash.

In September 2011, Mr. Amadou was operating a motor vehicle. His children were seated in the rear of the vehicle. While stopped in traffic, the Amadou vehicle was struck by a pickup truck operated by Ronald Sarver. Mr. Amadou and his children were injured in the collision.

In January 2013, Mr. Amadou and his children commenced this personal injury action. In January 2014, the case proceeded to a jury trial. Mr. Sarver conceded liability. The jury returned a verdict in favor of Mr.

Amadou for one thousand four hundred forty dollars ($1,440.00). The jury also determined that Shamael Rahamani sustained causally related injuries that were not compensable, thus awarding no damages. Finally, the jury determined that Shakib Rahamani suffered no causally related injuries.

Appellants filed timely post-sentence motions, seeking in part a new trial on damages. The trial court denied Appellants' motions. Appellants filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellants seek review of the following question:

> Should a new trial be ordered on the ground that the jury's verdict is inadequate[,] when the jury awarded economic damages for wages that were lost as the result of pain[,] yet failed to award non-economic damages for pain and suffering?

Appellants' Brief at 7.

On June 5, 2014, this Court alerted Appellants that judgment had not been entered in this case. *See Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995) (noting this Court's general policy of quashing an appeal from an order upon which judgment has not been entered); Pa.R.A.P. 301. Accordingly, we directed Appellants "to provide proof to this Court within fourteen days that judgment has been entered." Order, 06/05/2014 (the June 5th Order). We further advised Appellants that "[f]ailure to comply with this [o]rder may result in dismissal of the appeal[.]" *Id.*

- 2 -

On June 19, 2014, Appellants responded to our order. Appellants suggested, without citation to authority, that it was Appellee's obligation to ensure judgment was entered properly. *See* Appellants' Response, 06/19/2014, at ¶¶ 4, 5, & 9. Appellants stated also that they had filed a *praecipe* for judgment on a verdict with the Allegheny County Court of Common Pleas on June 19, 2014. *Id.* at ¶¶ 6, 10, & Exhibit B. Accordingly, this Court permitted the appeal to proceed but cautioned Appellants that "the issue may be revisited by the panel assigned to the case." Order, 06/25/2015.

Upon reviewing the certified record, it appears that judgment has yet to be entered. The docket forwarded to this Court by the Allegheny County Department of Court Records, Civil/Family Division (Allegheny County Civil Division), which was generated on July 18, 2014, includes no entry suggesting that Appellants filed a *praecipe* for judgment. To be clear, approximately one month following Appellants' representation to this Court that they had complied with our order, they still had failed to do so.

Moreover, upon close inspection, we conclude that Exhibit B, attached to Appellants' response and purported to demonstrate Appellants' compliance, establishes nothing. A document included with the exhibit, entitled "Pleading/Exhibit Transmission Results," provides the following caveat:

> Your filings are being processed. Be advised this case is not officially filed until it is approved by Allegheny County

- 3 -

Civil/Family Division. If approved, you will be notified via an electronic receipt and the official date and time of filing will be the date and time listed above[.] At that time, your Credit Card will be debited. In the event that this filing is not approved, your account will not be debited. Thank you for using the Civil/Family Division Filing and Retrieval System.

*See* Appellants' Response, Exhibit B. Notably, Appellants have not provided an electronic receipt confirming that they filed a *praecipe* for judgment.

On May 5, 2015, in an abundance of caution, the Prothonotary office of this Court consulted with the Allegheny County Civil Division. The Civil Division confirmed that no *praecipe* was filed and that no judgment has been entered.

In its brief, Appellants contend that we should accept jurisdiction to hear this appeal because (1) doing so promotes judicial efficiency, (2) counsel for Appellee never filed a *praecipe*, and (3) there is nothing further for the trial court to consider, citing in support for these arguments ***Mackall v. Fleegle***, 801 A.2d 577 (Pa. Super. 2002). We decline to do so.

This Court has recognized that an appeal can only lie from "judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions." ***Mackall***, 801 A.2d at 580. However, citing our interest in judicial economy, we have recognized that "there are some instances wherein a party has failed to enter judgment and our appellate courts may regard as done that which ought to have been done." ***Id.*** at 581. Thus, in ***Mackall***, we drew a contrast between those instances wherein a party's failure to *praecipe* for the entry of judgment is

- 4 -

inadvertent, and those in which an appellant persists in refusing to do that which it ought. *Id.*

Here, Appellants failed to reduce the trial court's order denying their post-trial motions to judgment, despite our direct order to do so. To the contrary, Appellants sought to shift this obligation to Appellee (a proposition for which there is no authority) and, more troubling, misrepresented their efforts to comply with our June 5th Order. Accordingly, we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015